Mr. Burgess, are you ready to proceed? Yes. Good morning, and may it please the Court. William Burgess from Kirkland & Ellis has court-appointed amicus supporting Mr. Ross. Actually, before I get started, there is one thing I should flag for the Court. At pages 15 and 16 of my brief, there is a discussion of this settlement in the district court case, and Mr. Hartwell is here for a mere choice. I just spoke with him outside, and my understanding is that because of the settlement, he intends not to argue today. So I thought I should get that out in advance. All right. Very well. The Court has asked me to brief three questions. I'm happy to talk about all of them. I think question two is probably the most difficult, and I'd like to get straight to that if I can. Very well. Of course, question two depends on the answers to question one, but I think the district court and Judge Cabranes and Barbieri have question one pretty well covered. 1307B establishes an absolute right to dismissal, and the question is whether these conditions that the bankruptcy court imposed on the dismissal are nonetheless permissible. Why do we need to even decide here whether it is an absolute right, in the sense of taking precedence over a dismissal under subsection C? Why isn't it harmless, as the Court here found, even if it was error? I think that goes to the answer to question two. I think 1307B establishes an absolute right, and I think it follows from that that these conditions are not permissible. I think the key to question two is really why. Can we assume that the right may be absolute, but the question really is whether you can condition or impose this no-filing restriction? Yes, I think that's right, the no-filing restriction, and I think that dismissal of prejudice was part of the question also. So you agree we don't need to decide here because if there was error, it was harmless, whether there's an absolute right in the sense of invoking subsection B over subsection C when both parties are requesting dismissal. Obviously, a conversion to chapter 7 would be a different question. I just want to be sure I understand the question before I answer it and maybe concede something. When both parties are requesting dismissal, then the question becomes a little bit easier, I think. But I think that question two depends on whether it's permissible for a court to attach conditions to a dismissal. So if the court was just ruling on the bank's motion to dismiss and assumed that the bank had asked for a filing injunction and conditions along with that, if it was just a 1307C motion on the table, then I don't think there would necessarily be any problem with these conditions. I think the problem arises from the impingement on the debtor's absolute right to dismissal under 1307B, if that makes sense. I think the key to the second question is really law versus Siegel. The Supreme Court tells us two things in that. I think the limitations that the Bankruptcy Court imposed on the dismissal in this case are just like the Bankruptcy Court's attempts in Siegel to surcharge the homestead exemption. And what the Supreme Court unanimously told us in law versus Siegel is, first, respect the lines that Congress has drawn, even when that might lead to inequitable results. And the bad faith in Siegel was much worse than anything even alleged here. Mr. Law created a false lien, forged the co-worker's signatures on papers, and then when the co-worker came forward, he made up a fictitious person in China and cost the other side about half a million dollars. The Bankruptcy Court said, that's inequitable. Mr. Siegel has been injured to the tune of half a million dollars. I'm going to use my equitable powers to surcharge the homestead exemption. And the Supreme Court in law versus Siegel said, too bad. It's not for us to draw these lines. Congress has drawn the lines, and the Court's inherent powers and powers under 105A don't reach quite so far. But even aside from 105A, Congress has also given us 349A. Yes. And doesn't that, in rather specific terms, give the Bankruptcy Court discretion to impose certain conditions akin to the ones it imposed here? I think 349A talks about, unless the Court orders otherwise, prejudice, dismissal, the default is dismissal without prejudice. But I don't see that 349A authorizes these sorts of filing injunctions. Regards the discharge of debts that were dischargeable in the case dismissed. So injunction at least going that far, right, by its explicit terms. That's what I understand to be the meaning of dismissal with prejudice. And how about the next part of that clause? Isn't that also modified by the, unless the Court provides otherwise? In this case, the only reason that the Court is, I would go back to 1307B, the debtor has an absolute right to dismissal, and the condition on the right of dismissal is, sorry, the limit on the right of dismissal is just so long as the case has only been filed under Chapter 13. How was the first bankruptcy petition filed by Raymond Ross dismissed? It was dismissed in response to a motion by the trustee for failure to make payments during the bankruptcy. Does the fact that there had been an earlier bankruptcy petition that was then dismissed under those circumstances have any bearing on the right of the bankruptcy court to impose a filing restriction here? I don't think it does. I think that there are other statutes that automatically impose consequences. If you were to use the Rule 41 analogy that you referenced, if you would follow that to its logical conclusion, that wouldn't suggest that the bankruptcy court could impose filing restrictions here, right? I think the answer has to be no. The Rule 41 analogy is that there are automatic consequences built into the rule for repeat filings. If the first time someone dismisses a case, they have an absolute right to do that, and there's no right to impose conditions. Under the statutes we point out in our brief, there's 11 U.S.C. 362C, there's 11 U.S.C. 109G. Congress has already drawn this line, and Congress has already dealt with repeat filers. There's actually another statute. We don't cite it in our brief, but AmeriChoice does. It's 11 U.S.C. 362D4, where a party in AmeriChoice's shoes can get an order from the bankruptcy court allowing them to foreclose on the house, and if AmeriChoice records the order properly with the state authorities, the order is binding in any other case affecting real property for the next two years. Congress is well aware of the problem of repeat filers and has specifically dealt with that elsewhere, and that provision is actually in the statutory addendum to my brief at page 11. For question two, it's really two points from Law v. Siegel. It's respect the lines Congress has drawn, and when you deal with things like bad faith and repeat filers, look to other provisions of the bankruptcy code that deal with the same situation. What express provision of the bankruptcy code is violated by this filing restriction imposed as a condition of the dismissal order? Let's say 1307B. It's an absolute right of dismissal, and to impose conditions on it would burden the absolute right. How does it burden it? I'm having a little trouble understanding that. I'm trying to reconcile Law v. Siegel as well and the authority under Section 5G. If I could add to the first part of the answer, I'm not going to say it's violated, but I'd say it's also in tension with 11 U.S.C. 109G, which has the 180-day filing bar after a case has been dismissed. Is the problem here the indefinite nature of the filing restriction only if the bankruptcy judge allows him to file another petition? In other words, if the filing restriction here had been for 180 days, would there be a problem? I think no, because a 180-day filing restriction would be just repeating what the statute already automatically provides under 109G. But that automatic provision, and this goes back to my earlier question, because the language of 349A seems to provide if we think that unless the court for cause orders otherwise, that that introductory clause modifies the second part of Section A, then even apart from the 109G exception, it is expressly providing that the bankruptcy court can impose other types of prejudice, other conditions on the dismissal even beyond the 180 days. I think 349A says that the default is dismissal without prejudice. If nothing happens, it's without prejudice. And the court may order otherwise for cause. That may authorize the dismissal with prejudice. I think that makes question two more difficult. But I don't think unless the court orders otherwise for cause reaches quite so far as to be an unlimited grant of authority to the court to order whatever conditions it wants, I think that would be inconsistent with Lobby-Segal and other statutes. For the same reasons Congress has said that, sorry, for the same reasons the Supreme Court has said that 105A doesn't quite reach that far, and 105A is fairly broadly worded about the power of courts to enter appropriate judgments, I think the introductory clause of 349A also can't reach quite that far, particularly when there are other statutes dealing with this. But whether it is reaching too far is a different question than whether it can be done at all. The question of whether it's being narrowly tailored and sparingly used are some of the ways that we've described the proper scope of an injunction. That's the third question. To answer your question, there's also a question, too, there's the with prejudice and there's the filing injunction. I think 349A makes it difficult to argue that it's impermissible to dismiss with prejudice. I think that becomes harder in light of 349A. And as we argue, that does burden an absolute right to dismiss, and it does run at least into tension with other parts of the statute. But I think it's a bit more of a stretch of 349A to bring in things like filing injunctions where that's more specifically dealt with than other statutes. If I understand you correctly, had it been filing the 180-day limitation, you wouldn't have a problem with that. I think that's right because I think that's more or less automatic under one measure. And that's what was done in the case of Mrs. Ross. It was a 180-day filing injunction. I think that's right, yes. But you also seem to state in your brief that the court could have enjoined Mr. Ross from filing for bankruptcy for a year or some other period it deemed sufficient for a meritorious to complete the sheriff's sale. That is question three, though. That's assuming that you've answered questions one and two against Mr. Ross, if I remember correctly the way. Question three assumes that the bankruptcy court has authority to impose these things, and the question is assuming the bankruptcy court has this discretion or these conditions and abuse of discretion. And I think regardless of how the court decides questions one and two, the injunction is just unsupported and overbroad. The main reason, I think, is the last reason we state in our brief, is just that there's no factual findings to support it. There's no indication of authority. There's no consideration of narrow alternatives, and actually not even any notice to Mr. Ross that the bankruptcy court was even considering this perpetual filing injunction. But to be clear in response to Judge Vanaska's question and mine, is your argument that as long as it's within 180 days it's permissible, or as you seem to be arguing in other parts of your brief, that it could be extended even beyond 180 days and that that is permissible in some circumstances? So for purposes of question two, I mean, question three assumes it is sort of an alternative argument, but for purposes of question two, my argument is that the statute imposes automatic consequences of 180-day filing injunction, and for the court to impose its own consequences out of its discretionary authority burdens the absolute right and it's impermissible. I'm not sure if I'm answering your question directly. On question two, limited to 180 days, that's the statute. That's my answer. Question three, assuming that the court has discretion, assuming that questions one and two have been decided the way they have and we're just in the land of the court can do these things, was it an abuse of discretion for the court to do these things? I think, again, other statutes are at least relevant to the analysis. And on question three, there's no factual findings, there's no invocation of authority, there's no consideration of narrow alternatives, no notice that the bankruptcy court was even considering a filing injunction. I understand Mr. Ross didn't show up at the hearing and that's a problem for him, but there wasn't anything in AmeriChoice's motion about perpetual filing injunction for the rest of his life without permission of the Eastern District of Pennsylvania Bankruptcy Court. And I think at the very least, regardless of how the court decides questions one and two, the injunction can't stand on its own terms. And this is regardless of whether you think Mr. Ross is wrong or simply a homeowner trying to stay in his house before these fundamental rights are taken away from someone for the rest of his life, he needs more process than he's gotten. If the court has no further questions, I would like to correct one mistyping in my brief. At page 29, there's a citation to section 362B-4. I meant to cite C-3 and C-4. B-4 has nothing to do with anything, and I apologize if that confused everybody. I'm sorry. Judge Naggard, any questions? I have none. I have one remaining question. Sure. There is also a point where you argue that the breadth of the injunction is problematic for constitutional and policy reasons. There's, of course, not a constitutional right to declare bankruptcy. Right. So what is the constitutional right that you're referring to here as being violated? Due process. It's putting people out of court without more process than Mr. Ross received. And Congress has extended the protections of bankruptcy presumptively to everyone unless there's a good reason to take it away. And under these circumstances, with no notice and no factual findings, no invocation of authority, it's just the amount of procedure Mr. Ross received in this case before a right that Congress has extended to others has been taken from him. Thank you. Mr. Burgess, on behalf of the court, I want to thank you very much for the briefing that you did in this case. It was extremely helpful and well done, and you're certainly to be commended for taking on this assignment. This is an important issue that has divided the courts of appeals, and we're grateful to have the stellar briefing and the argument that we received today. Thank you very much. Thank you. All right. Mr. Hartwell. Good morning. May it please the court. Charles Hartwell for Appellee AmeriChoice Federal Credit Union. As opposing counsel indicated, because of the terms of the settlement agreement we reached with Mr. Ross, we're constrained not to present oral argument in this matter. We will rely upon our brief. All right. Very well. Thank you very much. Did you have anything? I have nothing. Thank you. All right. Thank you. We'll take the matter under advisement and call our next case.